JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 23-1939 JGB (PVCx)** | Date | March 26, 2024 |
|---|---|---|---|
| Title | ***Laura Tavizon v. Warden of Victorville Camp, FCI Med, I*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):          Attorney(s) Present for Defendant(s):

None Present                    None Present

**Proceedings:     Order Dismissing Action for Lack of Prosecution (IN CHAMBERS)**

On September 21, 2023, Petitioner Laura Tavizon ("Petitioner") filed a petition for a writ of habeas corpus against Respondent Warden of Victorville Camp, FCI Med, I ("Respondent"). ("Petition," Dkt. No. 1.) Under the Prison Litigation Reform Act, prisoners must pay the full filing fee. See 28 U.S.C. § 1915(b)(1). On March 19, 2024, the Court ordered Petitioner to show cause in writing, by March 25, 2024, why the action should not be dismissed for lack of prosecution, as Petitioner had not yet paid a filing fee or filed a request to proceed in forma pauperis ("IFP"). ("OSC," Dkt. No. 5.)

As of March 26, 2024, Petitioner has not paid a filing fee, filed an IFP request, or responded to the Court's OSC. Federal Rule of Civil Procedure 41(b) grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016). Plaintiffs must prosecute their cases with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b). Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976). A court may also dismiss a prisoner's civil rights action for failure to pay the initial partial filing fee or any portion of the full fee. See Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995). Petitioner has failed to respond to the Court's OSC by the deadline imposed by the Court and has not paid any portion of the filing fee. The Court finds that Petitioner has failed to prosecute this case with reasonable diligence and that dismissal is therefore appropriate.

Before dismissing an action for either failure to prosecute, failure to obey a court order, or failure to follow the local rules, a court must weigh several factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.  <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow local rules); <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642 (9th Cir. 2002) (failure to prosecute or to comply with a court order).  The Court need not weigh these factors explicitly.  <u>See</u> <u>Ghazali</u>, 46 F.3d at 53–54.

The Court finds that dismissal is appropriate.  Both the Court and the public benefit from the expeditious resolution of this action because further delay will impede judicial efficiency.  <u>See</u> <u>Pagtalunan</u>, 291 F.3d at 642 ("fail[ing] to pursue the case for almost four months" favors dismissal).  Additional delay will also prejudice Respondent, forcing it to spend needless resources on contesting this matter; in fact, Petitioner has already unreasonably delayed this action without explanation.  <u>See</u> <u>Sw. Marine Inc. v. Danzig</u>, 217 F.3d 1128, 1138 (9th Cir. 2000) ("Unreasonable delay is the foundation upon which a court may presume prejudice.").  Moreover, less drastic sanctions are not realistic: Petitioner has yet to pursue this case in any meaningful way since the filing of the Complaint and is unlikely to do so in the future.  Finally, "[d]ismissal is also appropriate when a prisoner fails to respond to an order to show cause concerning his failure to pay the filing fee."  <u>McGuire v. United States</u>, 2019 WL 1585199, at *1 (C.D. Cal. Apr. 12, 2019).

Accordingly, the Court **DISMISSES** Petitioner's action for failure to prosecute and **DIRECTS** the Clerk to close the case.

**IT IS SO ORDERED.**